Craig K. Perry
Nevada Bar No. 3786
CRAIG K. PERRY & ASSOCIATES
2300 W. Sahara Ave., Suite 800
Las Vegas, Nevada 89102
Telephone: (702) 228-4777
Facsimile: (702) 943-7520
cperry@craigperry.com

Max S. Morgan, Esquire
**THE WEITZ FIRM, LLC**
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
*Subject to Pro Hac Vice*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ROSS LOGAN, *on behalf of himself and all others similarly situated*,<br><br>            *Plaintiff*,<br>   v.<br><br>DESERT SALES ACADEMY, INC.,<br><br>            *Defendant*. | Civil Case No.: 2:24-cv-00277-JAD<br><br>**PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>*SPECIAL SCHEDULING REVIEW REQUESTED* |

The parties, Plaintiff, Ross Logan ("Logan" or "Plaintiff") and Defendant, Desert Sales Academy, Inc. ("Desert Sales" or "Defendant") (collectively, the "Parties"), held a scheduling conference under Federal Rule of Civil Procedure 26(f) on Wednesday, June 26, 2024. The Parties now submit their proposed discovery plan and proposed scheduling order in compliance with LR 26-1(b).

1. **Statement Regarding Special Scheduling Request**. This is a class action brought pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* Plaintiff alleges Defendant sent him text messages without his consent, while his telephone number was on the National Do Not Call Registry. *See generally,* Am. Compl. [D.E. 20]. Plaintiff also alleges Defendant did not honor his "STOP" messages and continued to send Plaintiff telemarketing text messages. *See id.* Plaintiff seeks to represent two classes and two subclasses of similarly situated individuals. *See id.* Defendant denies Plaintiff's allegations. *See generally,* Answer [D.E. 23]. The parties anticipate discovery including the production of voluminous text message records and data related thereto. The Parties also anticipate that discovery will include third party discovery that will also result in the production of additional voluminous information, such as text message logs from any vendor utilized by Defendant as well as Plaintiff's text message records showing the inbound and outbound messages with respect to Defendant. Plaintiff must also move for class certification and anticipates that it will likely retain one or more experts to support Plaintiff's motion, which will add additional time to the proposed schedule. The Parties agree that discovery should proceed in its ordinary course and should not be bifurcated.

2. **Initial Disclosures**. The Parties will make their disclosures on or before **Friday, July 12, 2024**.

3. **Discovery Cut-Off Date**. Defendant filed its answer to the Amended Complaint on June 14, 2024. The discovery cut-off date (including expert discovery) is **Friday, June 13, 2025**.

4. **Amending the Pleadings and Adding Parties**. The deadline to amend the pleadings and add parties is **Friday, October 11, 2024**.

5. **Class Certification Expert and Rebuttal-Expert Disclosures**. The deadline to disclose class certification expert(s)s and serve an affirmative expert report(s) is **Friday, December 14, 2024**. The deadline to disclose class certification rebuttal expert(s) and serve a rebuttal expert report(s) is **Monday, January 13, 2025**.

6. **Class Certification Motion**. Plaintiff shall file his motion for class certification on or before **Monday, February 3, 2025**. Defendant's Opposition to Plaintiff's Motion for Class Certification shall be on or before **Wednesday, March 5, 2025**. Plaintiff's Reply in Support of his Motion for Class Certification shall be due on or before **Wednesday, March 26, 2025**.

7. **Liability Expert and Rebuttal-Expert Disclosures**. The deadline to disclose liability expert(s) and serve a liability expert report is **Monday, April 14, 2025**. The deadline to disclose liability rebuttal expert(s) and serve a liability expert rebuttal report is **Wednesday, May 14, 2025**.

8. **Dispositive Motions**. The deadline to file dispositive motions is **Monday, July 14, 2025**.

9. **Pretrial Order**. The deadline to file a pretrial order will be set by the Court following ruling on dispositive motions. If no dispositive motions are filed, the deadline to file a pretrial order is **Wednesday, August 13, 2025.**

10. **Fed. R. Civ. P. 26(a)(3)**. The disclosures required by this rule and any objections to them must be included in the joint pretrial order.

11. **Alternative Dispute Resolution**. The Parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation. The Parties agree that a form of alternative dispute-resolution may benefit the parties after the parties conduct some initial discovery.

12. **Alternative Forms of Case Disposition**. The Parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). The Parties do not consent to trial by a magistrate judge under 28 U.S.C. § 636(c).

13. **Electronic Evidence**. The Parties certify that they discussed whether to present evidence in electronic format to jurors for the purpose of jury deliberations. The Parties intend to produce documents in PDF format and native format where appropriate.

14. **Issues Regarding Claims of Privilege.** The parties have considered privilege and work-product issues including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d). The parties agree to meet and confer in good faith to address any privilege issues or disputes as they may arise in the course of discovery.

15. **Changes to the Limitations on Discovery Imposed Under the Federal Rules of Civil Procedure and Local Rules.** The Parties agree that the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rules shall govern this case.

16. **Protective Order**. The Parties anticipate the need for a protective order. The Parties agree to meet and confer and file a proposed protective order not later than 14 days after the Initial Scheduling Conference.

Dated this 27th day of June, 2024.

**IT IS SO STIPULATED**.

/s/ *Craig K. Perry*
Craig K. Perry
Nevada Bar No. 3786
CRAIG K. PERRY & ASSOCIATES
2300 W. Sahara Ave., Suite 800
Las Vegas, Nevada 89102
Telephone: (702) 228-4777
Facsimile: (702) 943-7520
cperry@craigperry.com

Max S. Morgan, Esquire*
THE WEITZ FIRM, LLC
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
Subject to Pro Hac Vice*

*Counsel for Plaintiff and the Putative Class*

/s/ *Rusty Graf, Esq.*
Rusty Graf, Esq.
Nevada Bar No. 6322
BLACK & WADHAMS
10777 W. Twain Ave., Ste. 300
Las Vegas, NV 89135
Telephone: (702) 869-8801
Fax: (702) 869-2669
rgraf@blackwadhams.law

*Counsel for Defendant Desert Sales Academy, Inc.*

IT IS SO ORDERED.

_____
United States Magistrate Judge

Dated

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

    /s/ Tyrin Kanemeier_____
An Employee of Craig K. Perry & Associates