**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Ross Logan, | Case No. 2:24-cv-0277-JAD-MDC |
| Plaintiff | |
| v. | **Order Overruling Objection to Discovery Order** |
| Desert Sales Academy, Inc., | |
| Defendant | ECF Nos. 38, 42 |

Plaintiff Ross Logan sues Desert Sales Academy, Inc., for violating the Telephone Consumer Protection Act by continuing to send him text messages after he requested for the messages to stop and while he was on the National Do Not Call Registry. Disputes arose over the scope of written discovery, but the parties reached a compromise on those issues, which they memorialized in a twelve-page "Stipulation Regarding Discovery Dispute" filed on February 7, 2025.[1] The magistrate judge approved that stipulation on March 5, 2025.[2]

A key feature of this stipulation is that Desert Sales would provide text-message records during the period of February 8, 2020, to the present, in exchange for the plaintiff's withdrawal of specified interrogatory and document requests.[3] These records that Desert Sales stipulated to produce include "an outbound and inbound text message

---

[1] ECF No. 36 (stipulation).
[2] ECF No. 37 (minute order).
[3] ECF No. 36 at 10–11.

1

report from Twilio" for this time period "that provides the following information" if available: "(a) the date and time of the message; (b) the caller ID information of the number texted and the number that sent the text message; (c) the content of the text message or content/purpose of the call; (d) the result; (e) identifying information for the recipient (if any); and (f) any other information stored by the call detail records maintained by Twilio."[4]  In adopting and approving the parties' stipulation basically verbatim, the magistrate judge set April 11, 2025, as the production deadline for the records.[5]

      Despite having stipulated to produce these records, Desert Sales now objects to the magistrate judge's order approving that stipulation.[6]  It argues that "the request is still unduly burdensome and also would require Defendants to make available private information of their customers and/or patrons of the online training courses which Defendants offer."[7]

      A district judge may reconsider any non-dispositive matter that has been finally determined by a magistrate judge "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[8]  This standard of review "is significantly

---

[4] *Id.*
[5] ECF No. 37.
[6] ECF No. 38.
[7] *Id.* at 3–4.
[8] L.R. IB 3-1(a).

deferential" to the magistrate judge's determination.[9]  A district court overturns a magistrate judge's determination under this standard only if it has "a definite and firm conviction that a mistake [of fact] has been committed"[10] or a relevant statute, law, or rule has been omitted or misapplied.[11]

On this record, I cannot conclude that the magistrate judge erred in any way, let alone that his order is clearly erroneous or contrary to law.  The parties stipulated to this resolution of a discovery dispute, and Desert Sales represented to the court that this compromise was "acceptable to" it.[12]  No fault can be ascribed to the magistrate judge's decision to adopt that stipulation.

IT IS THEREFORE ORDERED that Desert Sales' objection **[ECF No. 38] is OVERRULED.  The deadline to comply is extended from April 11, 2025, to June 11, 2025, and the motion to extend that deadline [ECF No. 42] is thus DENIED as moot.** If Desert Sales believes that modifications to its stipulated resolution of this discovery dispute (and thus the magistrate judge's order adopting that stipulation) are necessary, the vehicle to address that concern is more properly a motion to modify that stipulation and order.

_____
U.S. District Judge Jennifer A. Dorsey
May 28, 2025

---

[9] *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for So. Cal.*, 508 U.S. 602, 623 (1993).

[10] *Id.* (internal quotation marks omitted).

[11] *See Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991).

[12] ECF No. 36 at 11.